Larry Joplin, Judge:
¶1 Plaintiff/Appellant Harold Koppitz (Plaintiff) seeks review of the trial court's order granting the motion to dismiss of Defendants/Appellees Chesapeake Energy Corporation, and Chesapeake Exploration, L.L.C., As Successor By Merger to Chesapeake *321 Exploration, L.P. (Defendants) on Plaintiff's claims to damages for the Defendants' violation of the Oklahoma Anti-Trust Reform Act, 79 O.S. 201, et seq. (OARA), based on allegations of Defendants' "conspiracy to rig bids and depress the market for purchases of oil and natural gas leasehold interests located within the State of Oklahoma."
¶2 Defendants filed a motion to dismiss for lack of subject matter jurisdiction "because the claim involves a unique issue under federal antitrust law." Particularly, Defendants alleged they had confessed their violation of federal antitrust law and cooperated with the investigation conducted by the United States Department of Justice, Anti-Trust Division, which qualified them for leniency and limited any potential recovery of damages to "single" actual damages (as opposed to the joint and several treble damages ordinarily recoverable) under the Antitrust Criminal Penalty Enhancement and Reform Act, 15 U.S.C. § 1, note. So, said Defendants, to the extent the ACPERA federal law limited damages and conflicted with the treble damage provision of OARA, federal law preempted state law antitrust claims under the doctrine of conflict preemption.
¶3 Plaintiff responded. Plaintiff first argued that the assertion of a federal defense-the limitation on damages under ACPERA-to his state law claim under OARA did not convert his state law claim under OARA into a federal claim within the exclusive domain of the federal courts. Plaintiff secondly argued that federal antitrust law did not, ipso facto, preempt state law antitrust claims. Plaintiff thirdly pointed out that ACPERA, by its own terms, applied to "any civil action alleging a violation of section 1 or 3 of the Sherman Act, or alleging a violation of any similar State law." 15 U.S.C. § 1, note, at § 213(a). Plaintiff also pointed out that parallel federal and state law antitrust claims have been allowed to proceed against ACPERA participants.[1]
¶4 On consideration of the parties' submissions and arguments, the trial court granted the motion to dismiss of Defendants:
In his Petition, Plaintiff asserts claims against the Chesapeake Defendants arising under Section 203(A) of the Oklahoma Antitrust Reform Act, 79 Okla. Stat. § 203(A). The Chesapeake Defendants argue in their motion that the federal Antitrust Criminal Penalty Enhancement and Reform Act ("ACPERA") divests the Court of subject matter jurisdiction and preempts Plaintiffs state law antitrust claims because Chesapeake participated in the Leniency Program of the United States Department of Justice, Antitrust Division. The Court agrees and GRANTS the Chesapeake Defendants' motion to dismiss on this basis.
...
IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the Chesapeake Defendants motion to dismiss is GRANTED based on lack of jurisdiction and federal preemption. Therefore, Plaintiffs claims against the Chesapeake Defendants are hereby DISMISSED.
Plaintiff appeals, and the matter stands submitted on the trial court record.[2]
¶5 "Appellate courts review de novo a district court's dismissal of an action for lack of subject matter jurisdiction." Beachner Const. Co., Inc. v. State ex rel. Office of State Finance , 2014 OK CIV APP 3, ¶ 10, 316 P.3d 229, 231. (Citations omitted.) (Emphasis original.) " 'Motions to dismiss are generally viewed with disfavor. The purpose of a motion to dismiss is to test the law that governs the claim in litigation rather than to examine the underlying facts of that claim.' " Beachner Const. Co., Inc. , 2014 OK CIV APP 3, ¶ 10, 316 P.3d at 231. (Citations omitted.)
¶6 The "unique" issue presented by this appeal is whether, by the adoption of ACPERA, *322 15 U.S.C. § 1, note, the Congress of the United States intended to preempt the prosecution of state law antitrust claims where a defendant has participated in ACPERA as to enjoy the ACPERA amnesty from treble damages.
¶7 We first observe that, by its express terms, ACPERA applies in "any civil action alleging a violation of section 1 or 3 of the Sherman Act, or alleging a violation of any similar State law." 15 U.S.C. § 1, note, at § 213(a). ACPERA thus clearly limits recovery of single damages in both federal law antitrust cases and state law antitrust cases against ACPERA participants. The question remains, however, whether, by ACPERA's single damages limitation in both federal and state antitrust law cases, Congress in ACPERA intended to preempt the assertion of a state law antitrust claim against an ACPERA participant.
¶8 We think not. It is well established that federal antitrust law does not preempt the assertion of antitrust claims under parallel state antitrust law. Indeed, it appears well-recognized that "Congress ha[s] not preempted the field of antitrust law, but rather intend[s] the federal antitrust laws to supplement, not displace, state antitrust remedies." Major v. Microsoft Corp. , 2002 OK CIV APP 120, ¶ 6, 60 P.3d 511, 513.
¶9 That said, however, where state law conflicts with federal law, and impairs or impedes the enforcement of federal law, federal law preempts the application of state law to the extent of the conflict. See, e.g., Smith v. Cogeneration Mgmt. Inc. v. Corp. Comm'n , 1993 OK 147, ¶ 18, 863 P.2d 1227, 1229.[3] By ACPERA, Congress has clearly extended amnesty from the joint and several, treble damages provisions of both federal antitrust law and state antitrust law to participants in ACPERA, and limited recoverable damages from ACPERA participants to "single" damages on claims under either federal antitrust law or state antitrust law. 15 U.S.C. § 1, note, at § 213(a).
¶10 We therefore hold that, to the extent the ACPERA single damage limitation conflicts with the treble damage provision of OARA, the doctrine of conflict preemption clearly applies and proscribes the recovery of state antitrust treble damages from an ACPERA participant. However, given the complimentary provisions of federal antitrust law and state antitrust law, we further hold that the doctrine of conflict preemption does not divest the state courts of subject matter jurisdiction to determine state law antitrust claims against ACPERA participants.
¶11 The order of the trial court granting the Defendants' motion to dismiss for lack of subject matter jurisdiction is REVERSED, and the cause REMANDED for further proceedings.
BELL, P.J., dissents, and GOREE, V.C.J. (sitting by designation), concurs.

See, e.g., In re Capacitors Antitrust Litigation , 106 F.Supp.3d 1051 (N.D. Cal. 2015) ; In re Polyurethane Foam Antitrust Litigation , 314 F.R.D. 226 (N.D. Ohio 2014) ; Oracle America, Inc. v. Micron Technology, Inc ., 817 F.Supp.2d 1128 (N.D. Cal. 2011).

See , Rule 4(m), Rules for District Courts, 12 O.S. 2011, Ch. 2, App., and Okla.Sup.Ct.R. 1.36, 12 O.S. 12 O.S. 2011, Ch. 15, App.

"The pre-emption doctrine stems from the Supremacy Clause of the United States Constitution and it invalidates any state law which contradicts or interferes with an act of Congress." (Footnote omitted.)